UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO: 15-152 |
| RODNEY HESSON<br>GERTRUDE PARKER | SECTION: "J"(1) |

## ORDER AND REASONS

Before the Court is the *Government's Appeal of Magistrate's Order Requiring the Identification of Unindicted Co-Conspirators* **(Rec. Doc. 71)** filed by the United States of America and an opposition thereto **(Rec. Doc. 83)** filed by Defendant Gertrude Parker. Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the Government's appeal should be **GRANTED**.

## FACTS AND PROCEDURAL BACKGROUND

On June 11, 2015, the Government filed a sealed indictment charging Rodney Hesson, Psy.D., and Gertrude Parker (collectively "Defendants") with conspiracy to commit health care fraud and conspiracy to make false statements related to health care matters. On October 19, Defendants filed two motions: a Motion for Bill of Particulars (Rec. Doc. 31) and a Motion for Discovery and Inspection (Rec. Doc. 32). The Court set both for submission on November 4 before Magistrate Judge Shushan.

1

Defendants' Motion for Bill of Particulars sought the identities of other known co-conspirators mentioned in the indictment. Defendants' Motion for Discovery and Inspection sought: "(1) the affidavits to the seizure warrants that resulted in the forfeiture of Parker's bank accounts; (2) the Medicare beneficiaries for whom the United States contends fraudulent services were billed; (3) the United States' documentation and interpretation of CPT Code 96101; and (4) the identities of the unnamed co-conspirators." (Rec. Doc. 32.)

On November 2, the Magistrate Judge issued an order on Defendants' motions. The Court denied the Motion for a Bill of Particulars because the motion was untimely. The Court granted the Defendants' request for the identities of the unnamed co-conspirators and denied the remainder of Defendants' requests. Magistrate Shushan found that courts of this district have required the Government to release the identities of unnamed co-conspirators. Because the United States did not demonstrate why the Court should not follow those cases, the Magistrate Judge granted the request for the identities of the co-conspirators. The United States appealed this order on November 9, 2015. (Rec. Doc. 71.) Parker filed an opposition on December 7. (Rec. Doc. 84.)

## PARTIES' ARGUMENTS

The United States argues that the Magistrate's order was clearly erroneous insofar as it granted the Defendants' request

2

for the identities of the unnamed co-conspirators. First, the Government argues that Defendants' Motion for Discovery and Inspection sought information that should have been sought in a Motion for a Bill of Particulars. Because Defendants' Motion for a Bill of Particulars was time-barred, the Magistrate should have denied the request for the identities of the unnamed co-conspirators. Second, the Government contends that the order conflated the standard for Federal Rule of Criminal Procedure 7 with the standard for Rule 16. Third, even if Rule 16 governs, the United States argues that the co-conspirator identities were not material to the charged offenses or to the defense. Finally, the Government contends that compliance with the order will be difficult, considering its broad scope.

In her opposition, Defendant Parker argues that the Magistrate's order was proper. First, Parker emphasizes that the difficulty of compliance with an order is not a valid basis for appeal. Second, Parker argues that the identity of co-conspirators is discoverable under Rule 16 as part of the Government's "case in chief" and as an item "material to preparing the defense." Parker cites to several cases in this District that ordered the Government to disclose the names of unindicted co-conspirators. Parker concludes by arguing that Defendants are entitled to know the identities of the co-conspirators because this information will be helpful to understanding the indictment.

**LEGAL STANDARD**

A district court reviewing a magistrate judge's discovery order may modify or set aside the order if it finds the order to be "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). With this in mind, the Court turns to the substantive law underlying the Government's appeal.

Rule 7(f) of the Federal Rules of Criminal Procedure provides, "The court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits. The government may amend a bill of particulars subject to such conditions as justice requires." The purpose of a bill of particulars is to "inform[] a defendant of the nature of the charges against him so that he will have sufficient detail to prepare for this defense, to avoid or minimize the danger of surprise at trial, and to enable him to plead double jeopardy in the event of a subsequent prosecution for the same offense." *United States v. Murray*, 527 F.2d 401, 411 (5th Cir. 1976).

Rule 16 pertains to discovery and inspection. The Government is required to disclose the following categories of information: (1) a defendant's oral statement; (2) a defendant's written or recorded statement; (3) certain statements made by directors, officers, employees, or agents of an organizational defendant; (4) the defendant's prior record; (5) certain tangible documents and

objects; (6) reports of examinations or tests; and (7) summaries of expert witness testimony. Fed. R. Crim. P. 16(a)(1)(A)-(G). Rule 16(a)(1)(E), Document and Objects, provides,

> Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:
> (i) the item is material to preparing the defense;
> (ii) the government intends to use the item in its case-in-chief at trial; or
> (iii) the item was obtained from or belongs to the defendant.

Fed. R. Crim. P. 16(a)(1)(E). Evidence is considered material to the defense if pretrial disclosure of the evidence would allow "the defendant significantly to alter the quantum or proof in his favor." *United States v. Reeves*, 892 F.2d 1223, 1226 (5th Cir. 1990). The defendant must make a *prima facie* showing of materiality. *United States v. Cleveland*, No. 96-207, 1997 WL 208909, at *3 (E.D. La. Apr. 28, 1997).

## DISCUSSION

The United States correctly contends that the Magistrate's order was clearly erroneous or contrary to law. Defendants attempted to use a Rule 16 Motion for Discovery and Inspection to seek the kind of information usually sought in a Rule 7(f) Motion for Bill of Particulars.[1] By its own terms, Rule 16 applies to

---

[1] In fact, the cases cited by Defendants in support of their motion pertain to Rule 7(f) motions, not Rule 16 motions. *See United States v. Nides*, No. 14-40, 2014 WL 2894281, at *4 (E.D. La. June 26, 2014); *United States v. Scheur*, No.

5

"books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items. . . ." Fed. R. Crim. P. 16(a)(1)(E). Identities of co-conspirators do not fall under any of these categories. Thus, Defendants' request for identities of co-conspirators in its Rule 16 motion should have been treated as a Rule 7(f) Motion for a Bill of Particulars.

The Magistrate Judge should have denied Defendants' request for the identities of unindicted co-conspirators because their motion was untimely under Rule 7(f). The rule provides that a defendant must file a motion for a bill of particulars within fourteen days of arraignment. Fed. R. Crim. P. 7(f). As the Magistrate Judge recognized in the order, Defendants did not timely move for a bill of particulars. (Rec. Doc. 56, at 3.) Thus, Defendants' request for the identities of co-conspirators in its Rule 16 motion should have been denied as untimely.

Moreover, even if Rule 16 governs, Defendants did not prove that they are entitled to discover the identities of the unindicted co-conspirators. Defendants did not make a *prima facie* showing that the discovery would significantly alter the quantum of proof in their favor. Instead, Defendants relied entirely on cases that required the Government to release the identities of unindicted

---

07-169, 2008 WL 490339, at *2 (E.D La. Feb. 20, 2008); *United States v. Epsy*, No. 96-198, 1996 WL 637759, at *1 (E.D. La. Nov. 4, 1996).

co-conspirators.[2] Without a showing of materiality or a showing that the government intended to use the information in its case-in-chief, the order granting the request was improper. Thus, the Magistrate's order was clearly erroneous or contrary to law.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that the Government's appeal is **GRANTED**. The portion of the Magistrate's order **(Rec. Doc. 56)** that ordered the Government to disclose the identities of the unindicted co-conspirators is **VACATED** and **REVERSED**.

New Orleans, Louisiana, this 8th day of December, 2015.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

---

[2] *See* footnote 1, *supra*.

7